UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARVIN KNIGHT,

       *Plaintiff*,

  v.

COOPERA *et al.*,

       *Defendants*.

Civil Action No. 1:25-cv-02489 (CJN)

**MEMORANDUM OPINION**

Before the Court is Plaintiff Marvin Knight's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 4. The Court grants the IFP Application and, for the reasons discussed below, dismisses this matter without prejudice.

Knight sues the Metropolitan Police Department ("MPD") and MPD Officer Coopera (no first name is provided). *See* Compl. at 1, 3–4. His Complaint consists of vague and amalgamated allegations arising from two separate alleged unlawful arrests and resulting detainments, first in 2015 and then again in 2025. *See id.* at 4. The Complaint does not provide any supporting details and is silent as to Defendants' respective roles in either of the incidents. Knight contends that he has suffered civil rights violations and incurred emotional harm as well as damages to his finances and reputation. *See id*. He does not request any relief. *Id.*

*Pro se* litigants must comply with the Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Here, Knight's Complaint fails to comply with Rule 8, which requires a pleading to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009). The Rule 8

standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Knight's "threadbare recitals," which are "supported by mere conclusory statements," are insufficient to state a claim.  *See Iqbal,* 556 U.S. at 678.  Although a *pro se* complaint is generally held to less stringent standards than formal pleadings drafted by lawyers, it still "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678–79).  Knight's Complaint is a textbook example of threadbare allegations and recitations that fail to establish his entitlement to relief.

The Court thus dismisses his suit without prejudice.  Knight's Motion to Expedite, ECF No. 2, Motion for CM/ECF Privileges, ECF No. 3, Motion *in Limine*, ECF No. 5, and Motion for Judicial Intervention, ECF No. 6, are all denied as moot.  A separate Order accompanies this Memorandum Opinion.

DATE: October 17, 2025

CARL J. NICHOLS
United States District Judge